CRISTIÁN ET AL., PLAINTIFFS AND APPELLANTS, *v.* ESCOBAR ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of San Juan, Section 2, in An Action of Ejectment and for Annulment of Titles and Cancellation of Mortgage Records.

No. 1286.—Decided December 3, 1915.

EJECTMENT—INHERITANCE TITLE—PARTITION AND DISTRIBUTION—DEMURRER.—An inheritance title is not of itself sufficient to support an action of ejectment for the recovery of a fixed portion or aliquot part of an estate until proceedings for partition and allotment are terminated, for no one of the heirs may be considered to be the sole and exclusive owner of such portion until the community of ownership ceases. In this case the complaint is demurrable on the ground that it does not set up a cause of action.

ID.—PRAYER.—When annulments which are not the cause but the effect of the principal action of ejectment are prayed for in the complaint and said action does not lie it would be superfluous to consider them.

The facts are stated in the opinion.

*Messrs. Luis Llorens Torres* and *Nemesio R. Canales* for the appellants.

*Mr. Miguel Guerra* for appellee Juan Escobar Casado.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On February 3, 1911, Julia and Félix Valois Cristián y Casado filed a complaint in the District Court of San Juan, Section 2, against Juan Escobar Casado, Eduardo Jacobo González and Ramón Aboy Benítez, in which they alleged in substance that Pedro Casado and María Correa died leaving Agustina and Isabel Casado y Correa as their sole and universal heirs; that a rural property containing 395 *cuerdas* of land situated at a place called Palmarejos in the ward of Canóvanas of the district of Loíza formed part of the estate; that taking advantage of the absence of Isabel, her sister and co-heiress, Agustina instituted proceedings in which she falsely and fraudulently represented herself to be in possession of the whole of the said property, which proceedings were approved by the municipal judge of Loíza and recorded in the Registry of Property of San Juan on June 12, 1880; that Isabel Casado died intestate leaving her children Julia, Félix Valois and Juan Ramón Cristián y Casado as her sole and universal heirs, who are now entitled to one-half of the said property; that on December 26, 1897, Agustina Casado sold the entire property to Fernández, Sobrino & Company, reserving the right to repurchase the same within a period of eight years, and the deed of bargain and sale was recorded in the registry of property; that by a deed of July 31, 1903, which is also recorded in the registry, the firm of Fernández, Sobrino & Company sold the said property to Eduardo Jacobo González; that these two sales became final and perfected on December 26, 1905, when the period of the right to repurchase expired; that by another deed of July 2, 1906, Eduardo Jacobo Gonzalez sold the same property to Juan Escobar Casado and that sale was also recorded in the registry of property; that Juan Escobar Casado segregated from the property of 395 *cuerdas* a parcel of 26.34 *cuerdas* and by a public instrument of July 25, 1908, which is likewise recorded in the registry of property, sold the same to Eduardo Jacobo González; that by a deed of August 9, 1909, which is recorded in the registry of property, the

residue of the property was mortgaged by Juan Escobar Casado to Ramón Aboy Benítez to secure a debt of $2,000; that defendants Juan Escobar Casado and Eduardo Jacobo González are at present in possession of the entire property in the proportion stated and both they and mortgagee Ramón Aboy Benítez knew that their possession of one-half of the property was unlawful and fraudulent; that the plaintiffs have been deprived of the use and enjoyment of one-half of the property and, consequently, have been damaged in the sum of $15,000 on the part of defendant Juan Escobar Casado and of $7,000 on the part of the other defendant, Eduardo Jacobo González.

The complaint concludes with the prayer that judgment be rendered in favor of the plaintiffs annulling the possessory title proceedings and the acts and contracts done and entered into thereafter, as set out in the said deeds and instruments, in so far as they affect one-half of the said property, ordering the cancellation in the registry of all the records based on the said instruments and decreeing that without limitation the defendants deliver to the plaintiffs an undivided moiety of the property, together with the mesne profits of the same, and also pay the expenses and costs of the action including $2,000 as fees of the attorney for the plaintiffs.

Defendant Juan Escobar demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and later filed an answer praying that it be dismissed and that the plaintiffs be adjudged without right to recover from said defendant the possession and ownership of the moiety of the property in litigation, alleging, among other grounds of defense, that in case any cause of action had existed in their favor, it had prescribed according to section 1864 of the Civil Code.

The case went to trial without summoning defendants Eduardo Jacobo González and Ramón Aboy Benítez, and the court rendered judgment on June 13, 1913, dismissing the

complaint with costs, from which judgment the attorney for the plaintiffs appealed to this court.

This is principally an action of ejectment with a supplementary claim for damages for the detention of an undivided moiety of the rural property sought to be recovered, as is acknowledged by defendant Juan Escobar Casado in demurring to the complaint on the ground that the action of ejectment, which is governed by section 1864 of the Civil Code, had prescribed.

The basis of the action of the plaintiffs is that as Pedro Casado and María Correa, his wife, were the owners of the property in question, upon their death the ownership thereof passed to their daughters Agustina and Isabel Casado y Correa, and by the death of Isabel the undivided moiety belonging to her descended to her sole and universal heirs, Julia, Félix Valois and Juan Ramón Cristián Casado, and, therefore, they base their rights solely on the title of inheritance of their deceased mother, Isabel Casado, who jointly inherited with her sister Agustina from their deceased parents, Pedro Casado and María Correa. That hereditary title is not sufficient of itself in the present case upon which to recover the property claimed.

In deciding the case of *Velilla* v. *Pizá et al.,* 17 P. R. R. 1069, we said:

"It is true that articles 657 and 661 of the former Civil Code, which agree with sections 665 and 669 of the Revised Civil Code, provide that 'The rights to the succession of a person are transmitted from the moment of his death' and that 'Heirs succeed the deceased in all his rights and obligations by the mere fact of his death,' and in accordance with said sections the heir or heirs, if there are more than one, acquire altogether the rights of their predecessor.

"Heirship conveys a joint right to the aggregate heritage, and by virtue thereof, upon the death of their predecessor, all the heirs become owners in common. But until proceedings for partition and adjudication are terminated, and until by virtue thereof this community of ownership does not cease, no one of the heirs may be considered to be the sole and exclusive owner of any particular portion

or fixed and specific aliquot part of the property of the heritage, which character it is necessary to prove before an action of ejectment may prosper.

"The aforesaid sections confer a right to each and all of the properties of the heritage but not a specific right to certain properties, which can only be acquired by an adjudication lawfully made in partition proceedings.

\*　　\*　　\*　　\*　　\*　　\*　　\*

"According to the foregoing, upon the death of the ancestor his heirs are the owners of the whole undetermined estate which is to be determined and specified by means of the partition and adjudication of the heritage, which partition and adjudication, according to section 1035 of the Revised Civil Code (1068 of the former), is what confers on each heir the exclusive ownership of the property which may have been adjudicated to him."

That doctrine must govern in the present case, which is similar to that of *Velilla* v. *Pizá et al.* The facts alleged in the complaint show no title of ownership in the plaintiffs to the undivided moiéty of the property in question, because the said undivided part was not allotted to their deceased mother, Isabel Casado y Correa, in the proper proceeding for that purpose. In the absence of such allotment the character of heirs of Isabel Casado alone does not give them the right to own and use the half of the property which belonged to Pedro Casado and María Correa.

The complaint is demurred to on the ground that it does not state facts sufficient to support the action of ejectment, and that being so, it is not necessary to enter upon an examination of the plea of prescription on which the judgment appealed from is also based.

Respecting the annulments prayed for in the complaint, as they are not the cause but the effect of the principal action of ejectment, and as the action does not lie, it would be superfluous to consider them. Judgments of the Supreme Court of Spain of October 16, 1873; January 17, 1889; April 6, 1889, and February 13, 1882, and decisions of this court in

the cases of *Succession of Nieves* v. *Succession of Sánchez,* 17 P. R. R. 837, and *Oliver* v. *Oliver,* decided July 30, 1915.

In deciding the present case we may well repeat what we said in the case of *Trinidad et al.* v. *Succession of Trinidad et al.,* 19 P. R. R. 616:

"Perhaps the plaintiffs have not received the property to which they are justly and lawfully entitled, but if this be so, the proceedings chosen by them are not proper to secure a recognition of their rights."

See also the case of *Vega et al.* v. *Rodríguez et al.,* 21 P. R. R. 318.

For the foregoing reasons the judgment appealed from should be affirmed, without prejudice to the right which the plaintiffs may have to recover the interest claimed in the estate of their grandparents, Pedro Casado and María Correa.

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.